OPINION OF THE COURT
Arnold Guy Fraiman, J.
Plaintiffs in this class action are homeless women who seek to have the temporary shelters provided for them by the city comply with the standards applicable to men’s shelters. Defendants are the Mayor of the City of New York and the Commissioner of the city’s Human Resources Administration. By their motion plaintiffs seek partial summary judgment requiring defendants to upgrade their facilities to bring them into compliance with a consent decree entered by the defendants in another action in this court, Callahan v Carey (Supreme Ct, NY County, Index No. 42582/79). The applicability of that decree, by its terms, is limited to men’s shelters in the City of New York. Plaintiffs contend that under the equal protection clause of the United States Constitution (US Const, 14th Arndt), it should also be applicable to women. This contention is so obviously meritorious that it scarcely warrants discussion. The City of New York cannot enter into an agreement (which, in essence, is what a consent decree is) that purports to set standards for shelters for the homeless, that is applicable only to shelters housing men, unless a rational basis exists for excluding women from its terms. No such basis has been urged or suggested by defendants and, indeed, none exists. Clearly, women have as equal a need *164 as men for adequate sleeping, recreation and toilet facilities. While the fact that the Callahan decree was entered into in connection with an action brought by homeless men might explain the limitations of its terms to men’s shelters, such limitation was purely fortuitous. For the reasons indicated, it is equally applicable to women’s shelters.
Having so held, the court also finds that the existing women’s shelters do not meet the Callahan standards in certain respects. Specifically, the court finds that the Flushing Armory shelter, if it is to have a capacity of 220 women, must have 5 additional showers and 15 additional toilets installed. The capacity of the Bushwick shelter must be limited to 133 women. And finally, the East Third Street shelter must have three additional showers installed. Plaintiffs’ motion for partial summary judgment is granted to the foregoing extent. Settle order providing that defendants comply therewith within 60 days of its entry.