Daisy CANNADY, Lucy Roman, Melinda Panell, Teresa Rodriguez, and Rebecca Booker, on behalf of themselves and their children and other dependent minors in their care, and on behalf of all others similarly situated, and the Coalition for the Homeless, Plaintiffs-Appellants,

v.

Gladys VALENTIN and Ronald Eric Wright, on behalf of themselves and their children and other dependent minors in their care, and on behalf of all others similarly situated, Proposed Intervenors, Appellants,

v.

Edward I. KOCH, as Mayor of the City of New York, George S. Gross, as Commissioner of the New York Human Resources Administration, and Cesar A. Perales, as Commissioner of the New York State Department of Social Services, Defendants-Appellees.

No. 1416, Docket 85–7361.

United States Court of Appeals, Second Circuit.

Argued June 21, 1985.

Decided Aug. 7, 1985.

Jay Greenfield, New York City (Paul, Weiss, Rifkind, Wharton & Garrison, Robert M. Hayes, Coalition for the Homeless, Washington Square Legal Services, New York City, of counsel), for plaintiffs-appellants and proposed intervenors-appellants.

Antonia Levine, New York City (Frederick A.O. Schwarz, Jr., Corp. Counsel, Leonard Koerner, Susan D. Wagner, Susan Elsen, Asst. Corp. Counsel, New York City, of counsel), for defendants-appellees Koch and Gross.

Howard L. Zwickel, New York City (Robert Abrams, Atty. Gen. of the State of New York, Lillian Z. Cohen, Asst. Atty. Gen., of counsel, New York City), for defendant-appellee Perales.

Before VAN GRAAFEILAND and PRATT, Circuit Judges, and RE, Chief Judge of the United States Court of International Trade, sitting by designation.

PER CURIAM:

The sole question before us is whether the district court, 608 F.Supp. 1460, abused its discretion in staying this action pending resolution of a pending state court action, *McCain, et al. v. Koch et al.*, 127 Misc.2d 23, 484 N.Y.S.2d 985 (Sup.Ct.N.Y.Co.).

### BACKGROUND

Plaintiffs, five homeless families with children and a not-for-profit corporation representing the homeless, filed this complaint alleging that the individual plaintiffs have been denied "lawful emergency housing" by the defendant state and city officials. The complaint requests: 1) that plaintiffs be certified, pursuant to Fed.R. Civ.P. 23, as representatives of the class of all homeless families in New York City that have been or will be denied emergency shelter; 2) a declaration that defendants' failure to provide plaintiffs with emergency shelter violates federal and state constitutional, statutory, and regulatory law; and 3) an injunction requiring defendants to provide "lawful emergency housing to meet the needs of plaintiffs." Two other homeless individuals moved for intervention and other relief.

Plaintiffs assert three claims to support the relief they request. The first rests on a maze of federal and state statutes and regulations governing emergency aid to needy families. The second arises from a consent judgment in *Callahan, et al. v. Carey, et al.*, Index No. 42582/79 (Sup.Ct., N.Y.Co.), wherein the defendants agreed to provide emergency housing to homeless men. The court subsequently held in *Eldredge v. Koch*, 118 Misc.2d 163, 459 N.Y. S.2d 960 (Sup.Ct., N.Y.Co.), *rev'd on other grounds*, 98 A.D.2d 675, 469 N.Y.S.2d 744 (1983), that under the equal protection clause, equivalent facilities must be made available to homeless women as well. Plaintiffs here urge that the equal protection clause also requires the provision of equivalent facilities to homeless families. The third claim is based upon Article XVII § 1 of the New York State Constitution and numerous provisions of New York's Social Services Law.

Defendants moved for an order staying further proceedings in this case pending resolution of the *McCain* action in state court. In *McCain*, fourteen homeless plaintiffs sued various governmental officials, including some of the defendants here, seeking class certification and a preliminary injunction ordering a complete overhaul of New York City's system for providing emergency shelter to homeless families. As part of the requested relief, they sought an order "locating and making available additional emergency housing units within New York City so that all

families with children in need of emergency housing can immediately obtain such housing in New York City." The state court denied the requested preliminary injunction and class certification, but issued an order requiring the defendants to comply with certain minimum standards in any housing that was provided and to follow certain procedural safeguards. Appeals by both sides are to be heard by the Appellate Division at its September term.

Judge Leisure stayed the federal action, but provided that the parties could return to federal court after *McCain* is decided. He denied the intervenors' motions as moot. Plaintiffs then brought this expedited appeal.

### DISCUSSION

■■■ As a general rule, federal courts are under a "virtually unflagging obligation * * * to exercise the jurisdiction given them", but there are exceptional circumstances where a federal court may decline to decide a dispute properly before it. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817–18, 96 S.Ct. 1236, 1246–47, 47 L.Ed.2d 483 (1976). In a thirty-one page opinion, Judge Leisure thoroughly analyzed the abstention principles set forth by the United States Supreme Court in *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976), and *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) and concluded that the issues presented in this case "would better be decided in the state system." We cannot say that Judge Leisure abused his discretion in concluding that abstention was appropriate in this case. *Arkwright-Boston Manufacturers Mutual Insurance Company v. City of New York*, 762 F.2d 205, 210 (2d Cir.1985).

We are neither blind nor insensitive to the serious plight of the homeless in New York City and other cities throughout our country. That these plaintiffs seek housing for homeless *families* only underscores the critical social and economic problems at hand. But while these problems are serious, stubborn, and frustrating, we do not believe that federal courts are more adequately suited to address them than state courts. Moreover, it is unlikely that a federal court would give relief more promptly than the state court. In Judge Leisure's words, we "do not comprehend the logic that says a federal court can familiarize itself with the intricate workings of the City's and State's welfare policymaking, unravel the various unsettled state law issues and fashion appropriate relief more easily and quickly than the state system can rule on its own law."

In short, we are confident that the state court can reach a prompt, fair, and correct resolution of the difficult questions raised in the state action, thereby answering most if not all of the questions raised in the federal action. Moreover, we fear that intervention by a federal court at this juncture might only delay a prompt resolution of this dispute.

Affirmed.