Gary R. **EITEL**, Plaintiff-Appellant,

v.

Verla Sue **HOLLAND**, et al., Defendant-Appellee.

No. 85–2499
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 18, 1986.

---

Gary R. Eitel, Lindale, Tex., pro se.

Jim Mattox, Atty. Gen., Richard W. Meyer, Robin Sanders, Asst. Attys. Gen., Austin, Tex. for Holland.

Bruce A. Pauley, Mesquite, Tex. for Ted Lyon, Jr.

Howard Shapiro, Plano, Tex., Bruce Anton, Dallas, Tex., for Shapiro.

Before ALVIN B. RUBIN, REAVLEY and HILL, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Gary R. Eitel, a pro se plaintiff, brought a civil rights action against the judge presiding over his tort case in Texas state court and against two attorneys who represented two of the defendants in the state case. The plaintiff alleged that the judge and the two attorneys conspired to deprive him of his due process right to a fair trial and discriminated against him because he desired to represent himself. He asserted claims under 42 U.S.C. §§ 1983 and 1985, and sought money damages and injunctive relief. The district court dismissed all of his claims, holding the judge immune from a suit for damages and abstaining from hearing other claims. We affirm the judgment on all claims decided, but reverse the dismissal of, and remand the case for, consideration of those claims that the district court abstained from deciding.

## I.

Eitel filed suit in Texas state court seeking damages for injuries he allegedly sustained in a drag-racing accident. During most of the pre-trial proceedings, Eitel represented himself. One defendant, Judge Verla Sue Holland was the presiding judge; the other defendants, Shapiro and Lyon, represented two of the state court defendants. Judge Holland granted several motions made by the defendants, including one to permit Lyon, who was a Texas legislator, to have a statutorily-authorized legislative continuance.

Shortly thereafter, and while the state court action was still pending, Eitel filed this suit against Judge Holland and the other two federal defendants, invoking 42 U.S.C. § 1983. Eitel seeks damages and an injunction that would allow him to represent himself in state court and recuse Judge Holland. On motions of Judge Holland and Lyon, the district court dismissed the federal suit.

Eitel had also filed a motion to recuse Judge Holland in state court. After the federal action had been dismissed, the motion was heard and denied by another Texas state district judge. Eitel's state case then went to trial. Allegedly because Judge Holland refused to permit Eitel to appear pro se, he obtained counsel and, throughout the trial, was represented by counsel. The jury found against Eitel and the state court entered judgment against him awarding one of the state defendants $40,000 in attorney's fees for Eitel's filing what the jury found to have been a groundless suit brought in bad faith and for the purpose of harassment.

## II.

Eitel's prayer for injunctive relief to forbid Judge Holland to hear his case is now moot because the trial has been completed. If Judge Holland erred in presiding at the trial, Eitel must seek relief from the state courts on appeal. It is beyond our power to enjoin the effect of the state court judgment for we do "not have appellate jurisdiction to review, modify or nullify a final order of a state court."[1] As we stated in *Hagerty v. Succession of Clement*,[2] "a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action."

In denying injunctive relief here, we follow the well-established principle stated by the Supreme Court in *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*[3] that "[p]roceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme] Court."

## III.

Eitel contends that Judge Holland and the other defendants denied him his right to represent himself in his state tort case, depriving him of due process of law, and conspired to deprive him of his right to equal protection of the laws. Because the district court granted a motion to dismiss on the face of the pleadings, we must accept as true all of the facts Eitel has alleged.

A complaint states a valid § 1983 claim if it alleges a denial, under color of state law, of a right, privilege, or immunity secured by the Constitution and laws of the United States.[4] The plaintiff's right to proceed pro se in the Texas state court is guaranteed by Tex.R.Civ.P. 7, which states, "[A]ny party to a suit may appear and prosecute or defend his rights therein, ei-

---

1. *American Furniture Co. v. International Accommodations Supply*, 721 F.2d 478, 482 (5th Cir.1981).

2. 749 F.2d 217, 220 (5th Cir.1984).

3. 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 482 & n. 16, 103 S.Ct. 1303, 1311, 1315 & n. 16, 75 L.Ed.2d 206 (1983).

4. 42 U.S.C. § 1983.

ther in person or by an attorney of the court."[5] A party to a suit in federal court has a federal statutory right, first enacted in § 35 of the Judiciary Act of 1789, to self-representation.[6] These rights are statutory and do not imply the existence of a constitutional right to self-representation.

In *Faretta v. California*,[7] the Supreme Court held that a criminal defendant in state court has a federal constitutional right, under the sixth[8] and fourteenth amendments,[9] to represent himself. This does not, however, translate into a constitutional right to appear pro se in a civil case. Thus, in *O'Reilly v. New York Times Co.*,[10] the Second Circuit noted that the right to self-representation in civil cases was conferred by § 35 of the Judiciary Act of 1789, "although not enjoying the constitutional protection subsequently afforded to the right of self-representation in criminal cases." More recently, in *Andrews v. Bechtel Power Corp.*,[11] the First Circuit stated, "there is no constitutional right to self-representation in civil cases."

This conclusion is supported by dicta in the *Faretta* opinion, for the Court there held that the right to represent oneself in a criminal case is derived from the sixth amendment, which embodies the personal right to make a defense to criminal charges.[12] The sixth amendment applies only in "criminal prosecutions,"[13] and it, therefore, cannot be the source of the parallel right to self-representation in civil cases.

Based on these authorities, we conclude that the right to represent oneself in a civil case is not one of the fundamental rights protected by the due process clauses of the Fourteenth Amendment.

## IV.

A judge is not liable in damages for her judicial acts, even those done maliciously or corruptly, unless she acts in the clear absence of all jurisdiction.[14] In *Brewer v. Blackwell*,[15] we stated a test to determine whether an act is judicial in nature. These criteria identify all of the acts that Judge Holland is alleged to have done as judicial. They were (1) normal judicial functions that (2) occurred in the judge's court or chambers, and were (3) centered around a case pending before the judge.[16] Judge Holland is therefore judicially immune from liability for damages and the claims against her were properly dismissed.

## V.

In *Dennis v. Sparks*,[17] the Supreme court held that an act, even though done by a private person, is "under color of state law" within the meaning of § 1983 if the private person is a "willful participant in joint action with the State or its agents." Like the plaintiff in *Dennis*, Eitel alleges that the private defendants conspired with the state judge to deprive him of his constitutional rights. This provides the necessary link to the state to make the private defendants' acts come "under color of state law."

**5.** Tex.R.Civ.P. 7.

**6.** 28 U.S.C. § 1654.

**7.** 422 U.S. 806, 836, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975).

**8.** U.S. Const. amend. VI.

**9.** U.S. Const. amend. XIV.

**10.** 692 F.2d 863, 867 (2d Cir.1982) (citation omitted).

**11.** 780 F.2d 124, 137 (1st Cir.1985) (citation omitted).

**12.** 422 U.S. at 818–19, 95 S.Ct. at 2532–33.

**13.** U.S. Const. amend. VI.

**14.** *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351–54, 20 L.Ed. 646, 651 (1871); *Stump v. Sparkman*, 435 U.S. 349, 355–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978); *Brewer v. Blackwell*, 692 F.2d 387, 396–97 (5th Cir.1982).

**15.** 692 F.2d at 396–97.

**16.** *Id.*

**17.** 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980).

The district court, however, held that *Younger v. Harris* [18] required him to abstain from hearing the § 1983 damage claims against the private attorneys. In *Younger*, the Court held that, absent a showing of bad faith or harassing prosecution, or an extraordinary case of irreparable harm, a federal court should abstain from enjoining a pending state criminal proceeding [19] because the principles of federalism and comity between federal and state judicial systems would be upset if federal courts enjoined ongoing state criminal proceedings.

In *Huffman v. Pursue, Ltd.*, [20] the Supreme Court extended *Younger* to a nuisance proceeding instituted by the state to close an adult theatre. The Court held that this civil proceeding was "more akin to a criminal prosecution than are most civil cases," and moreover, with the state as a party, the proceeding was one "in aid of and closely related to criminal statutes." [21] Extending *Younger* further, the Court held in *Juidice v. Vail*, [22] that federal interference with a state contempt proceeding would likely be as offensive to state interests as would an injunction against a state criminal case. Instead of attempting to determine the similarity of the civil proceeding to a criminal case, however, the Court focused on comity principles and the perceived offense to important state interests that federal interference with the state proceeding might engender.

Following that analysis, the Court took abstention yet another step in *Trainor v. Hernandez*, [23] holding that a federal court should not enjoin a state civil proceeding aimed at recovering fraudulently obtained welfare payments because the state brought the action "to vindicate important state policies." The Court applied the same principle in *Moore v. Sims*, [24] dismissing a federal suit to enjoin the State of Texas from going further with a state civil proceeding to gain temporary custody of children, who were suspected of being abused by their parents. Most recently, in *Middlesex County Ethics Committee v. Garden State Bar Association*, [25] the Court held that state bar disciplinary proceedings "implicated important state interests" and therefore *Younger* abstention is required.

Federal abstention is not, however, either required or warranted simply because a civil case involving the same issues is pending in state court. In *O'Hair v. White*, [26] we noted that, "[i]n those cases in which the Supreme Court has applied the *Younger* doctrine to civil litigation, the state was a party and, more importantly, was seeking to vindicate important state policies." In *O'Hair*, this Court, sitting en banc, held that *Younger* abstention does not apply to a federal civil case brought by private parties, an atheist and an atheistic society, asserting the federal unconstitutionality of a Texas constitutional provision requiring state officeholders to acknowledge the existence of a supreme being even though a similar action is pending in state court. The two civil suits, we held, "involve wholly private disputes and it does not appear that federal court intervention would affect any important state inter-

**18.** 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

**19.** *Id.* at 44, 53–54, 91 S.Ct. at 750, 754–55; accord *O'Hair v. White*, 675 F.2d 680, 695 (5th Cir.1982) (en banc).

**20.** 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975).

**21.** *Id.* at 604, 95 S.Ct. at 1208.

**22.** 430 U.S. 327, 335–36, 97 S.Ct. 1211, 1217, 51 L.Ed.2d 376 (1977).

**23.** 431 U.S. 434, 444, 97 S.Ct. 1911, 1918, 52 L.Ed.2d 486 (1977).

**24.** 442 U.S. 415, 434–35, 99 S.Ct. 2371, 2383, 60 L.Ed.2d 994 (1979).

**25.** 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982).

**26.** 675 F.2d 680, 695 (5th Cir.1982) (en banc) (footnote omitted).

est." [27] That conclusion parallels decisions reached by Ninth Circuit in *Miofsky v. Superior Court of California* [28] and in *Goldie's Bookstore, Inc. v. Superior Court of California* [29] and by the Sixth Circuit in *Traughber v. Beauchane.* [30]

The claims that survived dismissal of the charges against Judge Holland are only claims for damages against private attorneys for their part in a conspiracy, albeit with an immune state judge, to deprive Eitel of his due process rights. The state case having been tried, Eitel is not entitled either to injunctive or declaratory relief against these lawyers, and the result of the suit will have minimal, if any, effect on state interests. Therefore, without intimating any opinion as to the merits of these claims, we hold that the district court should not have abstained from deciding them.

Eitel also asserts a claim under § 1985(3) [31] alleging a conspiracy among the defendants to discriminate against him as a member of a class of pro se plaintiffs. In *United Brotherhood of Carpenters & Joiners, Local 610 v. Scott,* [32] the Supreme Court held that § 1985(3), as part of the Ku Klux Klan Act of 1871, was originally enacted to reach class-based animus against Negroes and those who supported them, notably Republicans. [33] Reserving judgment on the question whether the statute provides a remedy for every political group that is the object of a conspiracy by another group, [34] the Court held that non-union members, as alleged victims of economic or commercial animus, were not protected by § 1985(3). Based on that construction of § 1985(3), we hold that pro se plaintiffs do not constitute a class for whose members § 1985(3) provides a remedy. [35] According-

ly, the plaintiff's § 1985(3) claim was properly dismissed.

## VI.

For these reasons, we AFFIRM that portion of the district court's judgment dismissing (1) Eitel's § 1983 claim insofar as it asserts his alleged constitutional right to represent himself, (2) all claims against Judge Holland, (3) the request for injunctive relief, and (4) the § 1985(3) claims. We REVERSE, however, that part of the judgment abstaining from exercising jurisdiction over the damage claims against Lyon and Shapiro, and we REMAND that part of the cause for further proceedings consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

---

**27.** *Id.* at 695.

**28.** 703 F.2d 332 (9th Cir.1983).

**29.** 739 F.2d 466 (9th Cir.1984).

**30.** 760 F.2d 673 (6th Cir.1985).

**31.** 42 U.S.C. § 1985(3).

**32.** 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983).

**33.** *Id.* at 834, 103 S.Ct. at 3359.

**34.** *Id.* at 835–36, 103 S.Ct. at 3359–60.

**35.** *See also McLellan v. Mississippi Power & Light Co.,* 545 F.2d 919, 928–29 (5th Cir.1977).