Gary R. EITEL, Plaintiff-Appellant,

v.

Verla Sue HOLLAND, et al., Defendants-Appellees.

No. 85–2499.

United States Court of Appeals, Fifth Circuit.

Aug. 29, 1986.

Rehearing and Rehearing En Banc Denied Sept. 26, 1986.

Gary R. Eitel, pro se.

Jim Mattox, Atty. Gen., Richard W. Meyer, Robin Sanders, Asst. Attys. Gen., Austin, Tex., for Holland.

Bruce A. Pauley, Mesquite, Tex., for Ted Lyon, Jr.

Howard Shapiro, Plano, Tex., Bruce Anton, Dallas, Tex., for Shapiro.

Before RUBIN, REAVLEY and HILL, Circuit Judges.

## ON PETITION FOR REHEARING

(Opinion 4/18/86, 5th Cir.1986,
787 F.2d 995).

PER CURIAM:

In our original opinion,[1] we affirmed the district court's dismissal of all claims against the state court judge but held that the district court should not have abstained from exercising jurisdiction over Eitel's § 1983 claim against the attorneys who represented the defendants in Eitel's state suit. Eitel alleged that these attorneys had conspired with the state judge to deprive Eitel of his due process rights to a fair trial. Finding that *Younger* abstention was not properly invoked,[2] we remanded for further proceedings on Eitel's claim. We are now persuaded that the district court judgment was correct, but for different reasons.

Eitel filed this § 1983 suit in federal court before his state court action had even been tried. Thus, at the time Eitel filed his federal court action, his allegations of "constitutional" injury were speculative. Several preliminary motions in the state court action, however, had been decided adversely to him, including a defendant attorney's motion for a legislative continuance. After this federal action was dismissed by the district court, Eitel filed a second motion in the state action to recuse the state judge. This motion, heard by a state judge other than Judge Holland, was denied. The state case then came to trial, and judgment on the jury verdict was rendered against Eitel. Through these motions in state court, Eitel had the opportunity, which he took advantage of, to present to the state court the substance of the constitutional claims raised in his § 1983 action before the federal district court.

The Supreme Court held in *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*[3] that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction,"[4] but, in such circumstances, dismissal of the federal action might be considered as a matter of "[w]ise judicial administration,

1. *Eitel v. Holland*, 787 F.2d 995 (5th Cir.1986).

2. *See Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 209 (2d Cir. 1985).

3. 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

4. *Id.* at 15, 103 S.Ct. at 936 (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976), *quoting in turn McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 504, 54 L.Ed. 762 (1910)).

giving regard to conservation of judicial resources and comprehensive disposition of litigation."[5] The Court held that the federal trial court should consider the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forums. "Only the clearest of justification," however, "will warrant dismissal."[6]

In *Moses H. Cone Memorial Hospital*, the Court found the requisite exceptional circumstances lacking because there was no danger of unnecessary piecemeal litigation and, although the state court action had been filed first, it had been pending only nineteen days and had been filed less than a day after the incident (refusal to arbitrate) that gave rise to the action.[7] No substantial progress had been made in the state court action, the issue in both cases was whether a dispute should be arbitrated, and the legislation evidenced a clear congressional intent to move the parties into arbitration as quickly and easily as possible. Federal law provided the rule of decision there, as it does here, but unlike the Court in *Moses Cone*, we do not perceive any inadequacy in the state court proceeding to protect Eitel's rights.[8]

While the Court in *Moses H. Cone Memorial Hospital* decided against abstention, the crucial factors tilt the scales in the opposite direction here. Abstention was appropriate in this case despite this circuit's hesitancy to apply the *Moses Cone*

abstention doctrine to § 1983 cases generally. In *Signad, Inc. v. City of Sugar Land*,[9] we emphasized that the " 'unflagging obligation' of the federal courts to exercise the jurisdiction given them 'is particularly weighty when those seeking a hearing in federal court are asserting ... their right to relief under 42 U.S.C. § 1983.' "[10] The exceptional circumstances surrounding Eitel's § 1983 action, however, do call for abstention. We cannot say the district court abused its discretion in dismissing the claims against the defendant attorneys on this ground.[11] Indeed, at the time the federal suit was filed, the state case had not even been tried. The existence of a due process violation at that point was speculative at best and, even assuming such a violation could be shown, determining the extent, if any, of the damage suffered would have been difficult.[12]

This case resembles, in pertinent respects, the recent cases of *Hale v. Harney*[13] and *Brinkmann v. Johnson*.[14] In *Hale*, the plaintiff filed suit on § 1983 grounds against his former wife, her lawyer, and the state judge who rendered a divorce and child custody decree unfavorable to the husband in state court. While the appeal from the state court judgment was pending, the husband filed the § 1983 claim in federal court. Judge Gee, writing for the court in *Hale*, dismissed the civil rights action, stating, "A review of the complaint reveals that the suit is inextrica-

---

5. *Id.,* 103 S.Ct. at 936 (quoting *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246, quoting in turn, *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)).

6. *Id.,* 103 S.Ct. at 937 (quoting *Colorado River,* 424 U.S. at 819, 96 S.Ct. at 1247).

7. *Id.* 460 U.S. at 19–22, 103 S.Ct. at 939–40.

8. *Id.* at 26, 103 S.Ct. at 942.

9. 753 F.2d 1338 (5th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 75, 88 L.Ed.2d 61 (1985).

10. *Id.* at 1340 (quoting *Tovar v. Billmeyer,* 609 F.2d 1291, 1293 (9th Cir.1979)).

11. *See, e.g., Lumen Constr., Inc. v. Brant Constr. Co.,* 780 F.2d 691, 696 (7th Cir.1985) (*Moses Cone* abstention appropriate in civil rights action); *Cannady v. Valentin,* 768 F.2d 501, 503 (2d Cir.1985) (abstention appropriate despite constitutional claims); *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York,* 762 F.2d 205, 212 (2d Cir.1985); *Thompson v. Ashner,* 601 F.Supp. 471, 474 (N.D.Ill.1985).

12. *See Forehand v. First Alabama Bank of Dothan,* 727 F.2d 1033, 1036 (11th Cir.1984) (Roney, J., dissenting)).

13. 786 F.2d 688 (5th Cir.1986).

14. 793 F.2d 111 (5th Cir.1986).

bly intertwined with the state court decree of divorce, and that much of the relief sought by Dr. Hale is a modification of that decree."[15] Eitel now seeks, in essence, a judgment for damages and a declaration that would be tantamount to reversing the state court orders unfavorable to him.[16] "Litigants," however, "may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits."[17] When "'constitutional claims presented [in federal court] are inextricably intertwined with the state court's' grant or denial of relief,"[18] the federal court should not entertain the claims.

Finally, we note that the substantive constitutional issue presented, whether the actions complained of might constitute a denial of due process, has recently been decided adversely to the appellant's contentions by this court's decision in *Holloway v. Walker*.[19] While Judge Rubin differs with the rationale of that decision, he agrees that this panel is bound by it as the law of the circuit.

For these reasons, the petition for rehearing is GRANTED and judgment is rendered affirming the district court.

---

**15.** 786 F.2d at 690.

**16.** *Cf. Telesco v. Telesco Fuel and Masons' Materials, Inc.*, 765 F.2d 356, 363 (2d Cir.1985) (quoting *Cone* for the proposition that the vexatious nature of the federal or state litigation may influence application of *Colorado River* abstention).

**17.** 786 F.2d at 691; *cf. Angel v. City of Fairfield*, 793 F.2d 737, 740 (5th Cir.1986).

**18.** 786 F.2d at 691 (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n. 16, 103 S.Ct. 1303, 1314–15 n. 16, 75 L.Ed.2d 206 (1983)).

**19.** 790 F.2d 1170 (5th Cir.1986).