IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20438
Summary Calendar
_____


HARRY L. BOWLES,

                                    Plaintiff-Appellant,

versus

CHARLES N. SCHWARZ, JR.;
JACK O'NEILL,

                                    Defendants-Appellees,

ANDREWS & KURTH, L.L.P.,

                                    Defendants.

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _


HARRY L. BOWLES,

                                    Plaintiff,

versus

JACK O'NEILL,

                                    Defendant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. CA-H-94-4249 and CA-H-94-4261
- - - - - - - - - -
April 15, 1996
Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

     Harry L. Bowles appeals from the district court's dismissal

_____

   [1] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

with prejudice of his consolidated cases. Bowles argues that the district court erred by: consolidating the two cases; dismissing his cases <u>sua</u> <u>sponte</u>; failing to enforce discovery against Joe Reynolds; refusing to allow an attorney to appear on Bowles' behalf at a scheduling conference; dismissing Bowles' case; and by denying his motion for recusal. He also contends that the district court abused its discretion by allowing the state attorney general to appear pro hac vice on behalf of defendant Judge O'Neill; and that the district court's dismissal denied Bowles his right of access to the courts. He finally claims he was improperly denied an evidentiary hearing. We affirm the district court, deny motions and impose sanctions.

Consolidation was not an abuse of discretion as the cases involved common questions of law and fact. See <u>Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 961 F.2d 1148, 1161 (5th Cir. 1992), <u>cert. denied</u>, 506 U.S. 1079 (1993).

The district court may dismiss a complaint upon its own motion for failure to state a claim prior to the filing by the defendant of a motion to dismiss. See <u>Shawnee Int'l, N.V. v. Hondo Drilling Co.</u>, 742 F.2d 234, 236 (5th Cir. 1984).

The district court did not err by failing to enforce discovery against Reynolds because Reynolds was never served and was thus not a party in the case. See <u>Federal Sav. & Loan Ins. Corp. v. Tullos-Pierremont</u>, 894 F.2d 1469, 1473-74 (5th Cir. 1990).

Allowing the state attorney general to appear pro hac vice on behalf of defendant Judge O'Neill was not an abuse of discretion. See <u>In re Evans</u>, 524 F.2d 1004, 1007-08 (5th Cir. 1975); Tex. Gov't Code Ann. § 74.141 (West 1988).

Bowles' argument that he was denied his right of access to the courts lacks a factual basis in the record.

The district court did not err by refusing to allow an attorney with whom Bowles had a conflict of interest to appear on Bowles' behalf at a scheduling conference.

Bowles' complaint was properly dismissed because Bowles' claims are inextricably intertwined with issues being considered by a state court.  See Eitel v. Holland, 798 F.2d 815, 818 (5th Cir. 1986).

It was not an abuse of discretion to deny Bowles' motion for recusal as Bowles presented no fact suggesting that Judge Hoyt's impartiality might reasonably be questioned.  See Liteky v. United States, 114 S. Ct. 1147, 1157-58 (1994).

Because the district court properly dismissed Bowles' complaint, the court did not err by refusing to conduct an evidentiary hearing.

The judgment of the district court is AFFIRMED and appellees' motion to dismiss the appeal for lack of jurisdiction is DENIED.

Bowles previously has been warned by this court that he may be sanctioned for filing more frivolous pleadings.  We find this appeal frivolous.  Accordingly, Bowles is sanctioned $100 for his failure to comply with this court's July 1995 order not to prosecute frivolous matters in this court.  Appellee Schwarz's motion for the imposition of sanctions and Bowles' motion for an extension of time to respond are DENIED as unnecessary.

AFFIRMED; MOTIONS DENIED; SANCTIONS IMPOSED.

3