**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4086
_____

CAROLE L. SCHEIB,
                                        Appellant

v.

ATTORNEY JAYME L. BUTCHER; REED SMITH, LLP
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-14-cv-01247)
District Judge:  Honorable Mark R. Hornak

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2015

Before:  CHAGARES, JORDAN and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 8, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Carole Scheib appeals the District Court's order dismissing her amended complaint under 28 U.S.C. § 1915. We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). For the reasons set forth below, we will affirm the District Court's judgment.

In 1978, Mellon Bank issued a mortgage to Scheib for her personal residence. In 1998, Mellon Bank obtained a default judgment in a foreclosure action against Scheib, and subsequently took possession of the home. Since that time, Scheib has "filed numerous lawsuits and complaints against [Mellon] in state and federal court, all of which have been unsuccessful in attempting to collaterally attack the judgment in the foreclosure action." Scheib v. Mellon Bank, N.A., Civ. A. No. 2:07-cv-0018, 2007 WL 1704803, at *2 (W.D. Pa. June 13, 2007).

In some of these lawsuits, Mellon Bank has been represented by Jayme Butcher, an attorney at Reed Smith LLP. In the case currently before the Court, Scheib has sued Reed Smith and Butcher under 42 U.S.C. §§ 1983, 1985(3), claiming that they conspired with other parties to violate Scheib's civil rights. The District Court dismissed the complaint for failure to state a claim upon which relief may be granted. Scheib then filed a timely notice of appeal to this Court. In addition to her briefs, she has filed a motion seeking to quash the District Court's opinion.

We agree with the District Court's disposition of this case. As the District Court explained, to state a claim under § 1983, a plaintiff "must establish that she was deprived of a federal constitutional or statutory right <u>by a state actor</u>." <u>Kach v. Hose</u>, 589 F.3d 626, 646 (3d Cir. 2009) (emphasis added). Contrary to Scheib's contention, "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." <u>Angelico v. Lehigh Valley Hosp., Inc.</u>, 184 F.3d 268, 277 (3d Cir. 1999).

Scheib seeks to show that the defendants here qualify as state actors by alleging that they conspired with judges, Pennsylvania's former attorney general, and a court reporter. Her allegations are altogether inadequate. Scheib has claimed that Reed Smith and Attorney Butcher, on behalf of Mellon Bank, have convinced various judges to deny her requests to vacate the foreclosure order. However, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." <u>Dennis v. Sparks</u>, 449 U.S. 24, 28 (1980). Nor does the fact that Reed Smith allegedly made campaign contributions to then-Attorney General Corbett during a period when Scheib was writing letters of complaint to him provide "'plausible grounds to infer an agreement.'" <u>Great W. Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 178 (3d Cir. 2010) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007)). Finally, while Scheib alleges that the court reporter attempted to solicit future business from Reed Smith, this "unilateral action" on the part of the reporter does

3

not plausibly suggest the existence of a conspiracy. Id. at 179. Accordingly, the District Court did not err in dismissing Scheib's claims under § 1983.

Scheib's claims under § 1985(3) fare no better. As relevant here, to state a claim under § 1985(3), a plaintiff must show, among other things "a conspiracy" that is "motivated by a racial or class based discriminatory animus." Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997). Here, for the reasons discussed above, Scheib has failed to show that the defendants entered into a conspiracy with the judges who have presided over her cases, then-Attorney General Corbett, or a court reporter. See generally Startzell v. City of Phila., 533 F.3d 183, 205 (3d Cir. 2008) (using same analysis to address conspiracy allegations under § 1983 and § 1985(3)). Nor can Scheib show that Attorney Butcher or her firm conspired with their client, Mellon Bank. Applying the general rule that a corporation cannot conspire with its agents, we have held that, so long as an attorney's activities fall within "the scope of the attorney-client relationship," they will not be "susceptible to characterization as a conspiracy under section 1985." Heffernan v. Hunter, 189 F.3d 405, 413 (3d Cir. 1999). Here, by Scheib's own admission, the defendants acted only "within the scope of their employment" with Mellon Bank. Compl. at ¶ 2. Therefore, as the District Court held, Scheib has failed to state a claim under § 1985.[1]

---

[1] Moreover, as noted above, § 1985(3) provides relief against only conspiracies that "are motivated by a racial or class based discriminatory animus." Lake, 112 F.3d at 685. In the District Court, Scheib identified herself as a member of the class of "non-lawyer pro

Finally, given the serious failings in Scheib's complaint — and the fact that the various documents Scheib has filed in this Court give no indication that she can cure its deficiencies — we are satisfied that amendment would have been futile. The District Court therefore did not err in dismissing the complaint without providing leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Accordingly, we will affirm the District Court's judgment. Scheib's motion to quash is denied.

---

se litigant[s]." Compl. at ¶ 19. That is not a cognizable class under § 1985(3). See United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott, 463 U.S. 825, 838 (1983) (declining to "construe § 1985(3) to reach conspiracies motivated by economic or commercial animus"); Eitel v. Holland, 787 F.2d 995, 1000 (5th Cir. 1986) ("pro se plaintiffs do not constitute a class for whose members § 1985(3) provides a remedy").