**David STALLWORTH et al., Plaintiffs,**

v.

**The CITY OF MONROEVILLE et al., Defendants.**

Civ. A. No. 76–307–P.

United States District Court,
S. D. Alabama, S. D.

Dec. 29, 1976.

Sam W. Pipes and Mack B. Binion, Mobile, Ala., for plaintiffs.

Jerry A. McDowell and William C. Tidwell, III, Mobile, Ala., N. S. Hare, Jr., Monroeville, Ala., for defendants.

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS

PITTMAN, Chief Judge.

This cause is before the court on defendants' motion for summary judgment on Count One and motion to dismiss Count Two of plaintiffs' amended complaint.

Jurisdiction is grounded on 28 U.S.C. § 1331. Violations of the Fifth and Fourteenth Amendments to the Constitution of the United States are alleged.

Plaintiffs are residents of the City of Monroeville in Monroe County, Alabama, and are the fee simple owners of certain real estate in Monroeville. (See original complaint.)

Defendant, City of Monroeville (City) is a municipal corporation organized and existing under the laws of Alabama. Defendant, W. H. Hines, is the Mayor of the City of Monroeville. Defendants, B. C. Hornady, J. R. Johnny Johnson, Robbins Williams, W. B. Owens and Kenneth Fairly, are the members of the City of Monroeville City Council.

Ordinance No. 62 (attached to plaintiffs' original complaint and marked as Exhibit "A" thereto), adopted by the Mayor and the City Council of the City on December 8, 1964, provided for the establishment and maintenance of a municipal planning commission for the City and prescribed its powers and authority. Ordinance No. 65 (a certified copy of which is attached to plaintiffs' original complaint and marked as Exhibit "B" thereto), adopted by the Mayor and City Council of the City on September 14, 1965, provided for zoning within the City. Pursuant to Ordinance Nos. 62 and 65, the City published the "Zoning Ordinance For the City of Monroeville Planning Commission" (a certified copy of which is attached to plaintiffs' original complaint and marked as Exhibit "C" thereto). Under the provisions of these ordinances, alleged to be in full force and effect at all times material hereto, plaintiffs' property was and is zoned "R–1," exclusively residential (single-family purposes).

Plaintiffs' property consists of approximately four acres of real property with improvements. It fronts about 420 feet on the west side of Alabama Highway 21. Highway 21 is a preferential through-traffic artery and has a heavy density of traffic at all hours of the day and evening.

On July 14, 1975, plaintiffs petitioned the City of Monroeville Planning Commission (Planning Commission), requesting that the subject property be re-zoned from R–1 to B–2 (commercial).[1] The request was not considered for plaintiffs' failure to follow proper procedures. On August 11, 1975, plaintiffs again appeared before the Planning Commission and requested that the subject property be re-zoned from R–1 to B–2. This request was denied. On September 9, 1975, a motion was adopted by the City Council to set the proposed re-zoning of the plaintiffs' property for a public hearing on October 7, 1975. On that date the City Council met in special session at

1. See Minutes of Planning Commission for July 14, 1975, copy of which is attached as an exhibit to defendants' Answers to Interrogatories, Document No. 32.

the courtroom of the Monroe County Courthouse where citizens present were given the opportunity to voice objections to the proposed re-zoning of plaintiffs' property from R–1 to B–2. After hearing protests, the Mayor called on the attorney for plaintiffs to present the proposal for re-zoning. After hearing from plaintiffs' attorney, the Mayor called for a motion from the Council to re-zone the property from its present R–1 to B–2. He received no motion and thereupon called for a motion to deny the request for re-zoning. Upon motion made and passed, the requested re-zoning was denied. In accordance with Title 37, § 783, Code of Alabama (1940 Recomp. 1958), dealing with appeals from zoning boards, plaintiffs filed an "Appeal from City Council to Circuit Court," in the Circuit Court of Monroe County, Alabama, alleging the action taken by the City Council on October 7, 1975, denying the re-zoning, was "arbitrary, capricious and unreasonable, having no substantial relation to public health, safety or welfare, and causes a unique unnecessary hardship with respect to the parcel of land in question."[2] On December 2, 1975, a final judgment was entered denying plaintiffs' petition.

On May 10, 1976, the Planning Board was again confronted with a requested re-zoning of the plaintiffs' property. Upon motion made and passed, the Planning Board approved the re-zoning with marginal access road to the City. Thereafter the City Council met in special session on Monday, May 31, 1976, for the purpose of hearing objections to the request of plaintiffs for re-zoning of the subject property. After plaintiffs' attorney had presented the petition for re-zoning, adjacent property owners voiced their objections to the requested re-zoning. No motion being made to grant the requested change, a motion to deny the request was made and passed, and the re-zoning petition was denied.

On June 7, 1976, the plaintiffs filed their original complaint in this court, alleging violation of certain Fifth and Fourteenth Amendment rights. Defendants filed an answer to the original complaint and subsequently filed a motion for summary judgment. The plaintiffs moved and were granted permission to amend. The amended complaint alleges jurisdiction under 28 U.S.C. § 1331 for alleged violations of their Fifth and Fourteenth Amendment rights.

*Alleged Violations.* In Count One it is alleged that the defendants have under color of law arbitrarily classified their property as R–1, and as a result have deprived plaintiffs of the use and enjoyment of their property which constitutes a taking of their property without due process of law. Plaintiffs further allege that due to its location, the highest and best suited use of their property is for commercial purposes and a re-zoning as such will not unduly change the present pattern of the surrounding area, nor increase the burden or hazard as it presently exists on Highway 21 and, in fact, will appreciate the value of the land in the area. Plaintiffs further allege that the market value of the subject property is greatly diminished due to its R–1 zoning. It is alleged that the application of the City's zoning ordinances to plaintiffs' property on, to wit, May 31, 1976, is unconstitutional, null and void in that the defendants' actions constitute an unlawful exercise of their police power with no reasonable relationship to the public health, safety and welfare and an unreasonable, arbitrary and discriminatory spot zoning thereby depriving plaintiffs of their property without just compensation and due process of law, and violates plaintiffs' equal protection rights.

Plaintiffs further allege in Count One that the City's zoning ordinance is generally applied arbitrarily in deprivation of their right to equal protection of the laws of the United States and constitutes an unlawful exercise of its police powers as delegated to the City under the provisions of Title 37, Sections 772 through 785, Code of Alabama (1940 Recomp. 1958).

---

2. See certified copy of petition which is attached to Doc. No. 16 which is styled "Defendants' Motion for Summary Judgment."

In Count Two plaintiffs claim the zoning ordinances of the City were not adopted in accordance with the laws of the State of Alabama and "are in fact a nullity." (See Doc. No. 21, plaintiffs' amended complaint.)

Declaratory and injunctive relief together with costs incurred is requested.

Defendants filed their answer to the amended complaint claiming as a defense that this court lacks jurisdiction over Count Two, and, further, that this cause is barred by the principles of res judicata or collateral estoppel as a result of the prior decision rendered between the parties in the Circuit Court of Monroe County, Alabama, on December 2, 1975.

*Motions Under Submission.*[3] Defendants have filed a "Motion for Summary Judgment on Count I and a Motion to Dismiss Count II of the Amended Complaint." (See Doc. No. 23.)

A. *Motion for Summary Judgment.* As to Count One, defendants claim they are due to have a summary judgment rendered in their favor in that the final judgment rendered in the Circuit Court of Monroe County denying plaintiffs' petition therein bars plaintiffs from maintaining this action.

Plaintiffs' response is to the effect that res judicata or collateral estoppel does not apply under these facts and circumstances in that the issues in the two actions are not identical.

B. *Motion to Dismiss.* The defendants state that their motion to dismiss Count Two is based on the premise that this court lacks original, pendent, or ancillary jurisdiction, or, in the alternative, this court should decline pendent jurisdiction over the state law claims.

Plaintiffs' response to the motion to dismiss is that this court has original jurisdiction over the allegations contained in Count Two.

*Jurisdiction.* Federal jurisdiction in this case is grounded upon 28 U.S.C. § 1331 with allegations that federal question is presented along with the requisite amount in controversy.

■ This court is asked to declare null and void certain zoning ordinances of the City of Monroeville. Zoning ordinances are the primary method by which the local municipalities control the areas within their limits. The citizens of local governments, by and through their elected local officials, control and regulate the type of environment where they live, work and raise their families by implementing land use programs. The overall land use program is by its nature permeated with purely local political and social questions. Federal courts should show restraint in intervening into areas which are traditionally of purely local import. Justice Marshall stated in *Village of Belle Terre v. Boraas,* 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974) (dissenting on other grounds):

"I am in full agreement with the majority that zoning is a complex and important function of the State. It may indeed be the most essential function performed by local government, for it is one of the primary means by which we protect that sometimes difficult to define concept of quality of life." 416 U.S. at 13, 94 S.Ct. at 1543.

■ Considering the facts as alleged in the light of *Railroad Commission of Texas v. Pullman Company,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), and its progeny, this court is of the opinion that the traditional precepts of federal-state comity make abstention at this time appropriate.

As stated in Wright's *Law of Federal Courts,* the overlapping rationales for abstention are as follows:

"1. to avoid decision of a federal constitutional question where the case may be disposed of on a question of state law;

---

**3.** Defendants' motion for summary judgment as to the original complaint is deemed moot in that an amended complaint has been filed and defendants have, by its motion for summary judgment on Count One raised the issue of res judicata or collateral estoppel as being a bar to this cause.

2. to avoid needless conflict with the administration by a state of its own affairs;

3. to leave to the states the resolution of unsettled questions of state law; and

4. to ease the congestion of the federal court docket.

C. Wright, *Law of Federal Courts,* § 52 at 196 (2nd ed. 1970).

Zoning questions are uniquely of local import. The state courts are faced with numerous zoning cases on an almost daily basis. This court feels that a local court with its unique knowledge of the local factors together with its past experience in interpreting and applying Alabama statutory and case law in this area is the better forum for determining how the City is to operate in determining how the land within its limits is to be utilized.

In *Alabama Public Service Commission v. Southern Railway Co.,* 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951), the Supreme Court was faced with an appeal from the order of a three-judge federal district court enjoining the order of the Alabama Public Service Commission denying permission to discontinue certain intrastate train routes. The court held that abstention was proper due to the fact that it was essentially a local problem of balancing the loss to the railroad from continued operation of unprofitable train lines with the public need for service and the statutory appeal through the state courts which was an integral part of the regulatory process was an adequate means to review the Commission's order. (Jurisdiction was based on diversity and presence of a federal question.)

In *Martin v. Creasy,* 360 U.S. 219, 79 S.Ct. 1034, 3 L.Ed.2d 1186 (1959), plaintiffs claimed that a state unconstitutionally limited compensable "takings." The district court originally abstained but later exercised its jurisdiction in order to forestall the perceived irreparable harm to plaintiffs. In reversing, the Supreme Court said:

". . . Reflected among the concerns which have traditionally counseled a federal court to stay its hand are the desirability of avoiding unseemly conflict between two sovereignties, the unnecessary impairment of state functions, and the premature determination of constitutional questions." 360 U.S. at 224, 79 S.Ct. at 1037.

Plaintiffs have specifically questioned the zoning ordinance or ordinances whereby defendants and defendants' predecessors in office have, under color of law, zoned and controlled the use and development of property within the City, claiming these ordinances were not adopted in accordance with the laws of the State of Alabama and are in fact a nullity.[4]

Further, plaintiffs allege that defendants have applied the zoning ordinance or ordinances in such a way as to be "an improper and unlawful exercise of the police powers delegated to Defendants under the provisions of Title 37, Sections 772 to 785 *Alabama Code 1940.* . . ."[5] The application of Title 37, Sections 772 to 785 of the Alabama Code and the determination of whether the ordinance was validly enacted involves questions of purely state law that may be dispositive of the action and make a decision on the federal constitutional issues unnecessary. There is no showing that the validity of these enactments, nor their application to the plaintiffs on May 31, 1976, have been tested and the remedies exhausted in state court. The Alabama state courts may make the issue moot or, at least, present it in a different posture by interpreting the zoning ordinances and applying state law in such a way as to pretermit a determination of federal constitutional questions.[6]

In the affidavit of W. H. Hines, Mayor of Monroeville, it is shown that there was no change in circumstances related to Mr. Stallworth's petition for rezoning between the time of his first petition, August 11,

4. See Amended Complaint.

5. See footnote 4, *supra.*

6. See *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 189, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959), and the cases cited therein.

1975, and the time of his second petition, May 10, 1976. This court is of the opinion that federal district courts should not serve the role of a zoning board of appeals.

As this court recently stated:

"In an effort to maintain harmonious federal-state relations of a matter close to the political interests of the State of Alabama and being comprised of purely local factors . . . this court feels that the ample state court remedies available to petitioner make this cause a proper one for this court to abstain from recognizing jurisdiction herein." [7]

It is therefore ORDERED, ADJUDGED, and DECREED that this action be and hereby is DISMISSED.

Costs are taxed to the plaintiffs.

---

7.  *Mobil Oil Corporation v. Kelley*, D.C., 426 F.Supp. 230, entered December 22, 1976.