NORTHEAST MINES, INC., National Sand & Gravel Corp., and Richard K. Steck and Gerald J. Philbin, individually and d/b/a Richard Steck, Gerald Philbin Development Co., Plaintiffs,

v.

The TOWN OF SMITHTOWN, The Town Council of the Town of Smithtown, Patrick R. Vecchio, et al., Defendants.

No. CV 83–3277.

United States District Court, E.D. New York.

Feb. 3, 1984.

Stephen P. Scaring, Mineola, N.Y., for plaintiffs.

Hart & Hume, James E. Brandt, of counsel, New York City, for defendants.

*Memorandum of Decision and Order*

MISHLER, District Judge.

Plaintiffs allege that defendants, acting in concert and under state law, have unlawfully demanded "exorbitant and extortionate 'fees' and other charges from the plaintiffs for the right to excavate sand and gravel from their own land notwithstand-

ing the issuance of a valid state mining permit and have misused their governmental power to manipulate the price of sand and gravel, thereby reaping enormous windfall profits at the expense of the plaintiffs and other private competitors. To accomplish this unlawful policy the defendants have engaged in a continuous and systematic course of conduct calculated to coerce the plaintiffs to capitulate to their extortionate demands, including harassing 'inspections' of the plaintiffs' premises, the issuance of numerous and unfounded summonses, the continuous unjustified refusal to permit the plaintiffs to dump debris at the Town's sanitary landfill site, the discriminatory enforcement of Town ordinances and laws against the plaintiffs and the bad faith commencement of civil litigation against the plaintiffs." (Complaint ¶ 1).

Plaintiffs seek declaratory and injunctive relief and monetary damages for violations of the rights, privileges and immunities secured under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983. Defendants move to dismiss the action or, in the alternative, to stay proceedings in this court pending the resolution of the related state action.

FACTS

On March 11, 1980, plaintiffs' application for an excavation permit was approved by the Board of the Town of Smithtown. The permit was issued for one year and expires January 27, 1984. Plaintiffs began their excavation work but defendants, on several occasions, objected that the work was not being properly performed. Defendants then ordered that the work on the site be stopped. Proceedings were commenced in New York State Supreme Court by defendants to enjoin plaintiffs from continuing to excavate. Plaintiffs subsequently agreed in a stipulation to refill an excavation and to pay to the Town $216,000 on a time payment schedule. Judgment was entered pursuant to the stipulation on June 16, 1983 by Hon. Robert W. Dole, J.S.C. On July 1, 1983, plaintiffs commenced an Article 78 proceeding in State Court claiming that Chapter 30 of the Town's Code of Ordinances was preempted and invalidated by state law and that the Town's efforts to enforce the Ordinance were unconstitutional. On July 27, 1983, plaintiffs commenced the instant action in this court. On August 30, 1983, the Hon. Thomas V. Mallon, J.S.C., converted the Article 78 proceeding into an action. Defendants now move to dismiss or stay the instant action pending the resolution of the action in New York State Supreme Court. Defendants contend that this court should dismiss or stay its proceedings on four separate but interrelated grounds: (1) *Younger* Abstention or "Equitable Restraint;" (2) *Burford* Abstention; (3) *Pullman* Abstention; and (4) "Wise Judicial Administration."

DISCUSSION

Initially, we note and agree that "[a]nalysis of the cases which have considered the issue of abstention indicates that the various abstention doctrines are more distinct in theory than in actual practice. They overlap and mix together to form the basis for abstention in particular cases. This is especially true in cases challenging in federal court state attempts to implement local land use policy." *Kent Island Joint Venture v. Smith,* 452 F.Supp. 455, 461 (D.Md. 1978).

I. *"Younger Abstention"*

"*Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746 [27 L.Ed.2d 669] (1971), and its progeny espouse a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances. The policies underlying *Younger* abstention have been frequently reiterated by this Court. The notion of 'comity' includes a 'proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.'" *Middlesex County Ethics*

*Committee v. Garden State Bar Association,* [457] U.S. [423], 102 S.Ct. 2515, 2521 [73 L.Ed.2d 116] (1982) (quoting *Younger,* 401 U.S. at 44, 91 S.Ct. at 750). "Minimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard constitutional rights." *Id.*

"The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Id.* (citations omitted). "Proceedings necessary for the vindication of important state policies or for the functioning of the state judicial system also evidence the state's substantial interest in the litigation. Where vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims.' [T]he ... pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims...." *Id.* (citations omitted).

■ As established by the Supreme Court in *Middlesex County, supra,* the question before us is threefold: first, is there an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges. The answer to the first question is clear and undisputed. There is a pending state action in New York State Supreme Court. The parties are essentially the same and the action arises from the same transactions or occurrences.

■ The proceeding in state court clearly implicates important state interests. The action involves the applicability and constitutionality of Smithtown's land use policy and its possible preemption by New York State law. The declaration of policy of Smithtown's regrading and excavating law, which has been in effect since 1956, states that "[t]he regulation and control of the general regrading of land, extraction and removal of earth products and other excavations are necessary to protect and to prevent serious and irreparable damage to the public health, safety and general welfare as well as to make effective the general purposes of comprehensive planning and zoning." Smithtown, N.Y.Code § 30–1. Whether New York State law preempts the Smithtown Ordinance certainly implicates important state interests in New York land use policy.

Finally, there has been no allegation that plaintiffs have not had an adequate opportunity to bring their federal cause of action in the state court proceeding.

Thus, we find that abstention is appropriate in this case under *Younger* and *Middlesex County.*

## II. *"Burford Abstention"*

The "Burford" abstention doctrine "permits a federal court, in the exercise of its discretion, to relinquish jurisdiction where necessary to avoid needless conflict with the administration by a state of its own affairs." *Surowitz v. New York City Employees' Retirement System,* 376 F.Supp. 369, 376 (S.D.N.Y.1974). In *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) the Supreme Court dismissed a federal action which sought review of the reasonableness under Texas state law of a state commission's permit to drill oil wells. The Supreme Court held that review by the federal courts would be disruptive of the state's own comprehensive review system. The federal action in *Burford* was dismissed despite the fact that the issues of state law were clear.

The Supreme Court noted in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) that "[i]n some cases ... the state question itself need not be determinative of state policy. It is enough that exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." 424 U.S. at 814, 96 S.Ct. at 1245.

■ The right of a municipality to regulate dredging and excavation within its jur-

isdiction, absent preemption by the state or federal government, is not contested. *See Goldblatt v. Town of Hempstead,* 369 U.S. 590, 82 S.Ct. 987, 8 L.Ed.2d 130 (1962). State zoning regulations and local land use decisions have repeatedly been held to be issues of local concern. *See Louisiana Power & Light Company v. City of Thibodaux,* 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959) (scope of city's power of eminent domain is a matter of local concern); *Kent Island Joint Venture v. Smith,* 452 F.Supp. 455 (D.Md.1978); *Dells, Inc. v. Mundt,* 400 F.Supp. 1293 (S.D.N.Y.1975). In addition to the local character of the issues in this case, plaintiffs' parallel state and federal actions call into question a regulatory scheme enacted by the New York State Legislature. By permitting municipalities to adopt even stricter land use regulations, the legislature has expressly recognized the peculiarly local nature of these issues, and the desirability of allowing municipalities limited flexibility in tailoring regulations to suit specific areas of local concern. *See* New York Envtl.Conserv.Law § 23–2703(2) (McKinney 1976). Thus, we find that this action is essentially local in nature and is properly brought in New York State Court. We abstain and dismiss this action on *Burford* grounds.

### III. *"Pullman Abstention"*

The "Pullman" abstention doctrine was established in *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) and has been held to be appropriate "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959).

■ The necessary conditions for the invocation of this doctrine have been formulated as follows: (1) a state statute that is unclear or an issue of state law that is uncertain; (2) resolution of the federal issue depends upon the interpretation to be given to the state law; and (3) the state

law is susceptible of an interpretation that would avoid or modify the federal constitutional issue. *Winters v. Lavine,* 574 F.2d 46, 69 (2d Cir.1978).

■ All three of these elements have been satisfied in the instant action. The statutes in question, N.Y.Envtl.Conserv.Law § 23–2701 *et seq.* (McKinney Supp.1983–84) and Chapter 30 of the Code of the Town of Smithtown, have not been definitively interpreted by the New York courts. It appears that plaintiffs' arguments raising the constitutionality of defendants' actions taken in reliance upon the municipal ordinances in question raise novel state law issues of first impression. Resolution of plaintiffs' federal constitutional claims will depend on the interpretation of the two statutes. In order to maintain a claim under 42 U.S.C. § 1983, the defendants must have acted under color of state law. *See Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 102 S.Ct. 2744, 2755, 73 L.Ed.2d 482 (1982). The interpretation of the state law may determine the validity of the alleged acts by defendants. Therefore, we abstain also on *Pullman* grounds.

### IV. *"Wise Judicial Administration"*

In addition to the three abstention doctrines discussed above, defendants contend that this court should abstain because of wise judicial administration in order to conserve "judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). (citations omitted). The *Colorado River* Court noted that "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention." 424 U.S. at 818, 96 S.Ct. at 1246. The Court declined to prescribe a rigid rule for dismissals of this type but instead described some of the factors relevant to the decision. "In assessing the appropriate-

ness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may ... consider such factors as the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums." 424 U.S. at 818–19, 96 S.Ct. at 1247. (citations omitted). None of these factors are determinative. *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983). Rather, "[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Id.* A final factor stated by the *Cone* Court is whether federal or state law would determine the substantive outcome of the case.

 With these principles in mind, we follow the *Colorado River* Court. Plaintiff has not stated why it did not allege its federal civil rights action in the state court. Plaintiff now offers to withdraw all but the federal civil rights action in the instant case. This would result in piecemeal litigation. The same witnesses will probably be called in both actions. In addition, as mentioned above, this is essentially a local matter to determine the actions of local officials in applying local and state law. The proper forum to address these claims is the pending state action in New York State Supreme Court. Thus, in the interests of wise judicial administration the instant action is dismissed.

## CONCLUSION

The court has the option of dismissing the complaint or staying all proceedings pending the outcome of the state action. Under all the circumstances here, this court concludes that the better approach would be to dismiss the suit at this time. Dismissal will avoid the uncertainty and delay caused by piecemeal jurisdiction where jurisdiction is retained. *See Baggett v. Bullitt*, 377 U.S. 360, 378–79, 84 S.Ct. 1316, 1326, 12 L.Ed.2d 377 (1964). "More importantly, *Burford*-type abstention requires that a federal court not merely delay

a decision, but completely avoid interfering with state policy. Where *Burford* considerations are present, a federal court should refer all the issues in the case to the state court and not retain jurisdiction. Such an approach is particularly appropriate where zoning and land use decisions are under attack in a federal court proceeding." *Kent Island Joint Venture v. Smith*, 452 F.Supp. 455, 464 (D.Md.1978).

The complaint is dismissed. The Clerk is directed to enter judgment in favor of the Defendants and against the Plaintiffs, dismissing the Complaint.

SO ORDERED.