Sara & Jack STEPHENS, William Harris, Judy H. Butler, Mansaur Banilohi, d/b/a Persian Oriental Rug, Baba Onabanjo, d/b/a Taju Invest and Ritz Cleaners, Plaintiffs,

v.

COBB COUNTY, GEORGIA, Defendant.

No. 1:87–CV–2116–RHH.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 24, 1988.

Roy E. Barnes, Jeffrey G. Casurella, Barnes Browning Tanksley & Casurella, Marietta, Ga., for plaintiffs.

Garvis Leon Sams, Jr., Sams Glover & Gentry, Marietta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

Plaintiffs bring this action seeking declaratory and injunctive relief and damages alleging defendant is seeking to enforce a zoning ordinance which allegedly violates plaintiff's First Amendment rights to commercial free speech. This court's jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1983. The action is currently before the court on defendant's motion to dismiss.

FACTS

Plaintiffs are shopowners who own and operate businesses in a common building containing several suites located in Cobb County, Georgia. Each plaintiff maintains a suite in the building in which each plaintiff's shop is located. Complaint, ¶ 3. On October 31, 1983 plaintiffs' landlord petitioned the Cobb County Board of Commissioners of Roads and Revenues to rezone the property upon which plaintiffs' shops are located from neighborhood shopping to general commercial. *Id.,* ¶ 5. On January 24, 1984 the Board of Commissioners approved the rezoning petition subject to certain conditions including regulations and covenants regarding signs on the property. *Id.,* ¶ 6. Plaintiffs allege that the sign covenants were not intended to apply to signs they placed above their individual leased premises but rather, were intended to apply solely to the monument type sign which applies to the entire building. *Id.,* ¶ 7.

Each plaintiff, after opening his or her shop, placed a sign above the leased premises in order to identify the location of the shop by name. *Id.,* ¶ 8. On July 15, 1987 defendant filed petitions for injunctions in the Superior Court of Cobb County seeking to enjoin plaintiffs from allegedly violating the sign ordinance and requiring each shopower to remove their signs. *Id.* ¶ 9. The shopowner (defendants in the state action) filed answers asserting the defense that the sign ordinance on its face and as applied to them is unconstitutional because it allegedly abridges their First Amendment right to commercial free speech. The plaintiffs in this action each filed a counterclaim in the state court action in which they are defendants which virtually mirrors their complaint in the instant action and seeks declaratory and injunctive relief and damages.

The shopowners removed the state court injunction actions to this court. By order dated October 8, 1987, however, this court remanded the cases to the Cobb County Superior Court on the ground that this court lacked original jurisdiction over the suits because plaintiff's claims arose under municipal rather than federal law. This court noted that issues of federal law arose only in the shopowners' defenses and counterclaims and that a defendant may not remove a case to federal court on the basis of a federal defense. Because a case may not be removed unless the *plaintiff's* complaint establishes that the case arises under federal law and the state court injunction actions at issue were brought by Cobb County upon *municipal* law, this court remanded the actions to state court.

In their answers and counterclaims filed in the state court actions, the shopowners raised the identical issues set forth in the instant action. The defenses and counterclaims as well as the complaint in the instant action allege that Cobb County is seeking to enforce a sign ordinance which, on its face and as applied, is allegedly unconstitutional. In both the counterclaims in the state actions and the complaint in the instant action, the shopowners seek a declaratory judgment that the ordinance is unconstitutional, an order enjoining Cobb County from enforcing the ordinance, and damages. Cobb County brings the present motion to dismiss the federal action on several grounds, the only meritorious ground being that this action is duplicative of the state court actions and merely filed as a defensive reaction to those suits.

DISCUSSION

■ When concurrent actions are pending in both a state and federal court, the federal court may, under certain circumstances, invoke the abstention doctrine and abdicate its general obligation to exercise jurisdiction. Abstention, though, is only appropriate in three limited circumstances.[1] Even if none of the abstention categories applies, however, the Supreme Court has held that there are principles unrelated to abstention considerations "which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive dispositions of litigation.'" *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed. 2d 483 (1976).

■ In *Colorado River* the Supreme Court concluded that although "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are ... exceptional, [they] nevertheless exist." *Id.* at 818, 96 S.Ct. at 1246. In determining whether dismissal of a federal action is appropriate in the event of an exercise of concurrent jurisdiction, a federal court may consider such factors as the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation and the order in which jurisdiction was obtained by the concurrent forums. *Id.*

■ In a later case, the Supreme Court implied that another factor which has "considerable merit" in influencing whether a federal court should "defer to a parallel state litigation under *Colorado River*" is "the vexatious or reactive nature" of the federal litigation. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 18 n. 20, 103 S.Ct. 927, 938 n. 20, 74 L.Ed.2d 765 (1983). The Court in *Moses Cone* noted with approval that the lower courts stayed a federal action where the federal suit was filed as a defensive tactical maneuver. *Id.* A variety of courts have adhered to the principle that a federal court should refuse to entertain a federal declaratory judgment action out of deference to a pending state action where the federal action was filed "merely to anticipate a defense that otherwise could be presented in a state action." C. Wright, A. Miller & M. Kane, 10A *Federal Practice and Procedure: Civil 2d* § 2758, pp. 632–633 (2d ed. 1983). In addition, federal courts may dismiss or stay a declaratory action if the state suit will "satisfactorily resolve the controversy between the parties." *Id.*, p. 627.

---

**1.** The *Pullman*-type abstention is arguably appropriate in the instant action. The *Pullman* abstention doctrine provides that a federal court should abstain from determining the merits of the case "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959). *See also Railroad Comm'r of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Because the court concludes *infra* that the instant action should be dismissed for reasons of wise judicial administration it need not determine whether abstention is appropriate in this case.

The Ninth Circuit Court of Appeals upheld the dismissal of a federal action in view of circumstances similar to those in the case at bar. In *Fern v. Turman*, 736 F.2d 1367 (9th Cir.1984), the former wives of retired military officers filed motions in state courts to compel the officers to comply with divorce decrees. The military officers filed a complaint in federal court against the former wives as well as the Secretaries of the Army and Air Force. Part of the military officers' federal complaint sought a declaratory judgment that the Uniform Services Former Spouses' Protection Act (FSPA) is unconstitutional. The Ninth Circuit concluded that the wives' claims for portions of their husbands' retired pay was at the heart of the litigation and that the proper course for the military officers to follow was to assert their unconstitutionality claim and federal defenses "in the state court actions and, if rejected there, to seek review in the United States Supreme Court." *Id.* 736 F.2d at 1369.

In *Colorado River* and *Moses Cone* the Supreme Court suggested that dismissal for reasons of wise judicial administration is appropriate only in exceptional circumstances. Since that time, however, federal courts of appeals have concluded that dismissal of declaratory judgment actions is not necessarily confined to the exceptional circumstances doctrine enunciated in *Colorado River* and *Cone*. Both the Fifth Circuit and Ninth Circuit Courts of Appeals have found that declaratory judgment suits are discretionary and that "the purely remedial and equitable nature of declaratory judgments ... sets [them] outside the scope of *Cone* [and *Colorado River*]." *Mission Insurance Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 n. 1 (5th Cir.1983); *Transamerica Occidental Life Insurance Co. v. Digregorio*, 811 F.2d 1249, 1254 n. 4 (9th Cir.1987). In the same vein, the cases cited above, in which courts dismissed a federal suit in deference to pending state court litigation, all involved declaratory judgment actions which the federal courts perceived had been brought in anticipation of a state court defense or as a defensive tactical maneuver or which

involved issues the state court could satisfactorily resolve.

■ Although in the instant case plaintiffs seek injunctive relief as well as a declaratory judgment, this court believes that a suit for an injunction is also discretionary and its dismissal may be appropriate on the basis of wise judicial administration. Like a declaratory judgment action, injunctive relief is purely remedial and equitable in nature. The Supreme Court has grouped the injunctive and declaratory remedies together as equitable. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967). And the former Fifth Circuit has held that a district court has discretion to stay a suit for an injunction and declaratory judgment pending the outcome of a parallel state action. *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 681 (5th Cir.1973). Thus, the reasoning of courts that have dismissed declaratory judgment actions in deference to concurrent state court litigation is equally applicable to actions for injunctive relief.

■ In the instant case, the state court was the first forum to obtain jurisdiction over the concurrent action. In defense of the pending state court litigation the shopowners challenge the constitutionality of the sign ordinance and in counterclaims each shopowner seeks declaratory and injunctive relief and damages. Neither the federal nor the state forum is more inconvenient than the other and it is axiomatic that "state courts are no less bound [or qualified] to apply federal law than are the federal courts." *United States v. State of California*, 529 F.Supp. 303, 307 (E.D.Cal. 1982). There is a threat of piecemeal litigation because if this court were to rule the sign ordinance is constitutional the state court would still need to consider the shopowners' defense that it was not intended to apply to them. Given that the present action closely parallels the shopowners' defenses and counterclaims in the state actions, one might reasonably conclude that the instant suit was filed as a defensive tactical maneuver. Finally, because the relief and remedies sought by plaintiffs in

the instant action are identical to the defenses and counterclaims filed in the state suits, the state court can satisfactorily resolve the controversy between the parties.[2]

For these reasons, the court GRANTS defendant's motion to dismiss and hereby DISMISSES the action WITHOUT PREJUDICE.

---

**2.** This court acknowledges the rule that a federal court may not abdicate its authority solely because a similar action is pending in state court. *See Strode Publishers Inc. v. Holtz,* 665 F.2d 333, 335 (11th Cir.1982) (*citing Donovan v. Dallas,* 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964)). As noted above, however, a federal court may in limited circumstances dismiss a federal case in the event the state court has concurrent jurisdiction. This court does not invoke the abstention doctrine to support this dismissal. Instead, the court finds that this action in equity vests the court with discretion and should be dismissed for reasons of wise judicial administration. The *Colorado River* and *Moses Cone* factors counseling in favor of dismissal have all been met as enumerated above.