**Joe REDNER et al., Plaintiffs,**

v.

**CITY OF TAMPA, Defendant.**

**No. 89–556–CIV–T–17.**

United States District Court,
M.D. Florida,
Tampa Division.

July 7, 1989.

Donald E. McLawhorn, Tampa, Fla., for plaintiffs.

Mike Fogarty, Tampa, Fla., for defendant.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on the report and recommendation of the Honorable Elizabeth A. Jenkins, filed on April 25, 1989, Plaintiffs' amended response and objection, filed on June 16, 1989, and Defendant's response thereto, filed on June 23, 1989.

The report and recommendation addresses whether this Court should abstain from exercising its jurisdiction. The Court has independently examined the record, and considered the objections and response of the parties.

Plaintiffs chose to litigate in state court, and substantial resources have been consumed by the progress of that case to date. Plaintiffs have necessarily litigated the same issues, and that forum is adequate to determine the rights of the parties. Any issue not raised in state court could have been raised there. The Court adopts the report and recommendation in its entirety, and denies the objections of Plaintiffs. Accordingly, it is

ORDERED that this case be remanded for further proceedings in the Hillsborough County Circuit Court.

DONE and ORDERED.

## REPORT AND RECOMMENDATION

ELIZABETH A. JENKINS, United States Magistrate.

THIS CAUSE comes on for consideration of an eleven count verified complaint seeking declaratory and injunctive relief, including a temporary restraining order, filed on April 18, 1989. This matter has been referred to the undersigned magistrate by the district court judge for a report and recommendation.[1] A hearing attended by

counsel for plaintiffs and defendant was held on April 19, 1989.

Plaintiffs Joe Redner and Edith Ann Burns seek to restrain defendant City of Tampa (the City) from enforcing its adult use ordinance against property owned by Mr. Redner and businesses operated by Ms. Burns. Plaintiffs also seek a declaration that the enactment and enforcement of the ordinance violates plaintiffs' constitutional rights under the First, Fifth and Fourteenth Amendments to and Article 1, Section 10 of the Constitution of the United States as well as certain provisions of Florida law and is also barred by principles of equitable estoppel. Jurisdiction is asserted on the basis of the Declaratory Judgment Act, 28 U.S.C. § 2201 as well as 42 U.S.C. § 1983 and § 1985.

### I

On September 30, 1982, the Tampa City Council passed Ordinance 8068–A. Ordinance 8068–A restricts location of adult businesses as defined in the ordinance to no more than 500 feet of a residentially-zoned district and prohibits concentration of any adult business to no more than one per 1,000 feet. Ordinance 8068–A, was superceded and reenacted, on February 16, 1984 as a zoning regulation as part of the adoption of Chapter 43A of the City of Tampa Code. Both Ordinance 8068–A and Chapter 43A Section 219 of the Code contain virtually identical provisions regulating the location of adult use businesses. Violation of the adult use ordinance is punishable by up to six months imprisonment and/or a maximum $500 fine.[2]

Plaintiff Redner's challenges to the adult use ordinance have been the subject of considerable litigation in the state courts, both civil and criminal.

Plaintiffs contend that due to the lifting of a stay in state court on April 18, 1989 that defendant is now free to enforce the ordinance against them, thereby exposing plaintiffs to irreparable harm by lodging of

---

1. See Local Rule 6.01(b), M.D.Fla. Rules.

2. Counsel for both parties have been requested to supplement the record with the specific penalty information but only the City had done so at the time this Report and Recommendation was submitted.

criminal charges, repeated arrests, loss of business and the unlawful suppression of nude dancing which plaintiffs assert is a protected form of expression under the First Amendment.

Defendant contends that this court should refuse to exercise jurisdiction over this action pursuant to the abstention doctrine due to pending state court proceedings involving the same issues. Defendant also contends that plaintiffs are collaterally estopped from litigating certain challenges to the adoption and enforcement of the adult use ordinance which had been rejected by a county court judge in a criminal prosecution brought against plaintiff Redner for ordinance violations.

The following chronology of state court proceedings is taken from the record and exhibits submitted by the parties.

1. On or about September 30, 1987, the City brought criminal charges in state court against plaintiff Redner and others for non-compliance with Ordinance 8068–A. A motion to dismiss the charges attacking the constitutionality of the ordinance was filed by all defendants. Hillsborough County Judge James D. Arnold was assigned the consolidated cases.

2. In mid–1988, plaintiff Redner filed a civil action in state court attacking the validity and enactment of Ordinance 8068–A and Chapter 43A of the Code which involved substantially the same constitutional challenges to the ordinance brought in this federal action.[3] Circuit Court Judge Daniel E. Gallagher was assigned the case and on September 12, 1988 granted a motion by the City of Tampa to stay proceedings in the civil case pending resolution of the motions to dismiss in the criminal case.[4]

In both the civil and criminal cases, the City agreed not to prosecute additional violations of Ordinance 8068–A and Chapter 43A of the Code pending the resolution of the criminal charges brought pursuant to Ordinance 8068–A.

3. On January 31, 1989, Judge Arnold entered a written order upholding the constitutionality of Ordinance 8068–A against challenges made by Mr. Redner and others. The court concluded that the ordinance was not overbroad under the First Amendment, did not violate defendants' due process rights and was not an unconstitutional bill of attainder. The court also found that defendants had failed to demonstrate that the City should be equitably estopped from enforcing the ordinance as an exercise of its zoning authority (Pltfs' Exh. 1). In determining the issues presented, the court held a lengthy evidentiary hearing and personally visited seventy-seven (77) site locations to determine whether the ordinance permitted reasonable alternative means of communication in compliance with constitutional standards.

4. The City of Tampa subsequently notified plaintiff Redner and others that it would commence enforcement of the ordinance effective March 1, 1989. Plaintiff Redner thereafter sought and received an order from Judge Gallagher staying enforcement of the ordinance pending resolution of certain issues in the civil case.

5. On or about March 13, 1989 plaintiff Redner was convicted of violating Ordinance 8068–A in the case assigned to Judge Arnold. An appeal is currently pending. Plaintiff Redner was sentenced by Judge Arnold to a period of probation with the

3. At the hearing in this case on April 19, 1989, plaintiffs introduced a chart which they contend demonstrates the different issues involved in the attack on the constitutionality and validity of the adult use ordinances in the state and federal cases in which plaintiff Redner has been involved. (Pltf's Exh. 2). Included in the chart is a federal action filed by plaintiff Mary Fernandez d/b/a "The Seven Seas" against the City of Tampa, case no. 89–148–CIV–T–17A. The Seven Seas is an adult business which has been associated with plaintiff Redner. On April 3, 1989, this court entered an order of administrative closure based upon plaintiff's agreement that

the federal case should not go forward until after plaintiff Redner's civil case before Judge Gallagher had been resolved.

4. Plaintiff Redner also filed a second civil action in state court which was assigned to Hillsborough County Circuit Court Judge James A. Lenfestey. Judge Lenfestey denied a motion for temporary injunction filed by plaintiff Redner on the grounds of lack of jurisdiction because the same action was then pending before Judge Gallagher.

special condition that plaintiff's business be in compliance with the ordinance as of 5:00 p.m. that day. According to the verified complaint, plaintiff Redner immediately thereafter transferred ownership of his business to plaintiff Edith Ann Burns, in an effort "[t]o comply with the illegal, unreasonable and arbitrary special condition of probation." (Dkt. 1, para. 66) However, on March 15, 1989, a probation affidavit and warrant for violation of probation was issued alleging plaintiff Redner to be in violation of the special condition of probation by failing to bring certain property into compliance as required in the condition of probation. A probation violation hearing is set for May 4, 1989. The case is now assigned to Hillsborough County Judge Barbara Fleischer as a result of a recusal by Judge Arnold.

6. On or about March 15, 1989, the City filed counter-claims against plaintiff Redner and named plaintiff Edith Ann Burns as an additional "counter-claim defendant" in the civil action instituted by plaintiff Redner and assigned to Judge Gallagher in state court.

7. Judge Gallagher set a hearing for April 13, 1989 on plaintiff Redner's application for a temporary injunction. The hearing was continued for several weeks due to the unavailability of counsel for plaintiff who was involved in a case pending in federal court. On April 14, 1989, Judge Gallagher entered an order dissolving the stay against the City's enforcement of the adult business ordinance as of 12:01 a.m. April 18, 1989 in deference to Judge Arnold's ruling upholding Ordinance 8068–A. On April 18, 1989 Judge Gallagher heard argument on whether the current adult use ordinance (Chapter 43A of the City Code) had been enacted in compliance with state and local law.

On April 18, 1989, plaintiffs Redner and Burns instituted this action in federal court. On April 19, 1989, the City issued citations to plaintiffs for violation of Chapter 43A of the Code. Counsel for the City states that although daily citations are not anticipated, it is the City's intent to enforce violations of Chapter 43A as often as nec-essary to advise plaintiffs of the need to bring their business and property into compliance with the law. Counsel anticipates that citations will be issued approximately every three weeks or so. Counsel for the City has agreed to defer issuance of additional citations for violations of the adult use ordinance against plaintiffs Redner and Burns until May 1, 1989 to permit this court to fully consider the issues presented.

## II

Federal courts have an obligation to adjudicate claims that are properly presented and within their subject matter jurisdiction. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). However, under the abstention doctrine, the court may avoid adjudicating a dispute in certain limited instances. The court may decline to adjudicate a claim in order to (1) avoid interfering with the conduct of ongoing state court proceedings, see *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); (2) avoid deciding an issue of federal constitutional law by allowing a state court to resolve an issue of state law, see *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); or (3) avoid resolving difficult state law issues involving important public policies, see *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). See generally, 17A C. Wright, A. Miller & Cooper, *Federal Practice and Procedure* § 4241 (2d Ed. 1988).

A fourth type of abstention may be invoked in "situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive dispositions of litigation.'" *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246 (citations omitted).

However, the various abstention doctrines "are not rigid pigeonholes into which federal courts must try to fit cases."

*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 n. 9, 107 S.Ct. 1519, 1526 n. 9, 95 L.Ed.2d 1 (1987). The elements analyzed in determining whether abstention is appropriate often overlap when the particular facts of a case are examined under each doctrine. For example, federal cases challenging state attempts to regulate local land use often support abstention under more than one doctrine. See e.g. *Onondaga Landfill Systems, Inc. v. Williams*, 624 F.Supp. 25, 29 (N.D.N.Y.1985); *Northeast Mines, Inc. v. Town of Smithtown*, 584 F.Supp. 112, 113 (E.D.N.Y.1984). Accordingly, the undersigned has evaluated plaintiffs' suit under each of the abstention doctrines.

## A. Younger Abstention

■ The *Younger* abstention doctrine prohibits the federal courts from (1) enjoining a pending state criminal action absent a showing of bad faith prosecution or harassment or (2) issuing a declaratory judgment that will interfere with the state action. The doctrine has been extended to ongoing state civil actions brought in aid of criminal jurisdiction or involving enforcement of important state interests. See *Cate v. Oldham*, 707 F.2d 1176, 1183 (11th Cir.1983). Under the *Younger* doctrine, federal courts are bound to abstain even when state criminal proceedings do not commence until after the federal suit is filed. *Hicks v. Miranda*, 422 U.S. 332, 349, 95 S.Ct. 2281, 2292, 45 L.Ed.2d 223 (1975).

Here, plaintiffs filed their suit on April 18, 1989. On April 19, 1989, prior to the hearing before the undersigned on the procedural issues involved in this case, plaintiffs were cited by the City for violation of the adult use ordinance. Consequently, criminal prosecution has ensued and is pending. These circumstances suggest that abstention under the *Younger* doctrine is appropriate. See also *Steffel v. Thompson*, 415 U.S. 452, 475, 94 S.Ct. 1209, 1223, 39 L.Ed.2d 505 (1974) (declaratory relief is precluded under *Younger* when the movant is involved in a state criminal prosecution).

## B. Burford Abstention

■ The *Burford* abstention doctrine precludes the federal courts from reviewing state law questions in cases where a federal ruling would disrupt the state's efforts "to establish a coherent policy with respect to a matter of substantial public policy." *Southern Railway Co. v. State Bd. of Equalization*, 715 F.2d 522, 527 (11th Cir.1983) (citations omitted). The Eleventh Circuit has followed the lead of the Ninth Circuit in holding that *Burford* does not apply to cases challenging zoning ordinances where (1) the state has not established a single centralized forum for the uniform resolution of zoning disputes, and (2) the federal issues are easily separated from the state issues. *Nasser v. City of Homewood*, 671 F.2d 432, 440 (11th Cir. 1982) (relying on *IBEW, Local 1245 v. PSC*, 614 F.2d 206 (9th Cir.1980)).

In Florida the resolution of local zoning disputes is left to the local governing body of each municipality. See Florida Statutes § 163.3161(8) (1987). There is not a separate state regulatory system where challenges to zoning matters are heard. *Miami Beach v. Manilow*, 226 So.2d 805, (Fla. 1969), *cert. denied*, 397 U.S. 972, 90 S.Ct. 1088, 25 L.Ed.2d 266 (1970). It appears that federal review of the City's zoning ordinance would not interfere with the state's current process deferring to local zoning dispute resolution. This fact weighs against abstention under *Burford*. See *Nasser*, 671 F.2d at 440.

Likewise, *Burford* abstention is inappropriate in cases in which federal issues can be easily separated from state law issues. The purpose of *Burford* is to avoid federal intrusion into matters which are largely of local concern. *Sante Fe Land Improvement Co. v. City of Chula Vista*, 596 F.2d 838, 842 (9th Cir.1979). Here, the federal constitutional issues are intertwined with the state law questions. This fact weighs in favor of *Burford* abstention. Although the latter factor weighs in favor of abstention, the former does not. Given the absence of any state-wide regulatory scheme for zoning, this does not appear to be an

appropriate case for a *Burford*-type abstention.

### C. Pullman Abstention

■ The *Pullman* abstention doctrine authorizes the federal court to abstain from exercising jurisdiction "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." *Colorado River*, 424 U.S. at 814, 96 S.Ct. at 1244. *Pullman* abstention is appropriate if the resolution of an unsettled question of state law will dispose of the case without the need for federal adjudication. *Palmer v. Jackson*, 617 F.2d 424, 428 (5th Cir.1980).

In the present case, if Judge Gallagher rules in favor of plaintiffs on the issue of whether the current ordinance was properly enacted, that ruling would moot the relief sought by plaintiffs from this court and preclude federal determination of the constitutional questions. *Stallworth v. City of Monroeville*, 426 F.Supp. 236 (S.D.Ala. 1976). Abstention under the *Pullman* doctrine appears appropriate in the present case.

### D. Colorado River Abstention

■ The Supreme Court has recognized that in a few exceptional cases "consideration of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation'" also permit the federal court to decline jurisdiction in favor of concurrent state proceedings. *Colorado River*, 424 U.S. at 817–18, 96 S.Ct. at 1246–47. In *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 15–19, 103 S.Ct. 927, 936–39, 74 L.Ed.2d 765 (1983), the Court reaffirmed its earlier decision in *Colorado River* and emphasized that the federal court should neither stay nor dismiss an action because of the existence of concurrent federal and state proceedings regarding the same subject matter unless exceptional circumstances are present. See also, *American Mfrs. Mutual Ins. Co. v. Edward D. Stone, Jr.*, 743 F.2d 1519, 1525 (11th Cir.1984).

A determination of the existence of exceptional circumstances is dependent upon an analysis of six factors: (1) whether one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal or state law will be applied; and (6) the adequacy of each forum to protect the parties' rights. *Moses H. Cone*, 460 U.S. at 15–16, 23–27, 103 S.Ct. at 936–37, 941–43. Each factor is to be applied "in a pragmatic, flexible manner with a view to the realities of the case at hand." *Id.* at 21, 103 S.Ct. at 940.

The record demonstrates that the first factor is neutral as neither court has assumed jurisdiction over any property. The second factor is also neutral in that neither the federal nor state forum is inconvenient because both actions are pending in Tampa, Florida.

The third factor focuses on the avoidance of piecemeal litigation. Here, plaintiffs seek equitable relief in the form of a declaratory judgment and an injunction and bring a § 1983 and § 1985 claim against the defendant.[5] A federal court has discretionary jurisdiction pursuant to the Declaratory Judgment Act and may dismiss a declaratory judgment action in deference to related ongoing state court litigation. *Angora Enterprises, Inc. v. Condominium Assoc. of Lakeside Village, Inc.*, 796 F.2d 384, 387–88 (11th Cir.1986). Similarly, a federal court faced with a suit for injunctive relief may, on the basis of wise judicial administration, dismiss the claim pending the outcome of concurrent state court proceedings. *Stephens v. Cobb County, Ga.*, 684 F.Supp. 703, 706 (N.D.Ga.1988); see also *PPG Industries, Inc. v. Continental Oil Company*, 478 F.2d 674, 680 (5th Cir. 1973). The nature of the equitable relief sought here by plaintiffs favors federal

---

**5.** Plaintiffs assert a claim pursuant to 42 U.S.C. § 1985 but fail to name other persons who have allegedly conspired with the City to interfere with their civil rights. The undersigned concludes that plaintiffs have failed to state a cause of action under 42 U.S.C. § 1985.

abstention in light of the parallel state court proceedings in which plaintiffs seek comparable equitable relief.

The Second, Fifth, and Seventh Circuits have applied the *Moses H. Cone* abstention factors to cases in which a plaintiff brings a § 1983 claim against a defendant while related state proceedings are pending. See *Eitel v. Holland*, 798 F.2d 815 (5th Cir. 1986); *Lumen Construction, Inc. v. Brant Construction Co.*, 780 F.2d 691 (7th Cir. 1985); *Cannady v. Valentin*, 768 F.2d 501 (2d Cir.1985). The Fifth Circuit, quoting the language of *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 1315, 75 L.Ed.2d 206 (1983), has held that "when 'constitutional claims presented [in federal court] are inextricably intertwined with the state court's grant or denial of relief,' the federal court should not entertain the claims." *Eitel*, 798 F.2d at 818. In addition, one Florida appellate court has held that a state court has concurrent jurisdiction with the federal court to entertain a civil rights claim brought pursuant to 42 U.S.C. § 1983. *Lloyd v. Page*, 474 So.2d 865, 867 (Fla. 1st DCA 1985).

Here plaintiffs' § 1983 claim is inextricably intertwined with the issues being considered by the state court.[6] Plaintiffs' efforts to obtain federal review of their claims appears to be an impermissible attempt to obtain review of the state court action. See *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir.1986).

In *Moses H. Cone*, the Court noted that "the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*." *Moses H. Cone*, 460 U.S. at 18 n. 20, 103 S.Ct. at 938 n. 20. See also *Telesco v. Telesco Fuel and Masons' Materials, Inc*, 765 F.2d 356, 363 (2d Cir.1985). The chronology of events in this case suggests that plaintiffs' federal lawsuit is "reactive." The facts present in this case favor

federal abstention in order to avoid piecemeal litigation.

Analysis of the fourth factor requires the court to consider the progress which has taken place thus far in each action. The state court has expended considerable time and effort in addressing plaintiffs' claims. Plaintiffs' civil suit was initiated in the summer of 1988. Judge Arnold has rejected some of the constitutional challenges to the adult use ordinance. Judge Gallagher has held several hearings on plaintiffs' request for a stay and will shortly decide other challenges to the adult use ordinance and whether Judge Arnold's order conclusively determines some of the issues. In comparison, this court has reviewed plaintiffs' claims solely as to the threshold issue of jurisdiction and has focused on the propriety of exercising jurisdiction as opposed to an examination of the merits of plaintiffs' claims. Consideration of this fourth factor favors abstention. See e.g. *Allen v. Louisiana State Board of Dentistry*, 835 F.2d at 104; *Telesco v. Telesco Fuel and Masons'*, 765 F.2d at 363.

The fifth factor turns on what law will govern the parties' claims. The complaint involves both federal and state law claims. However, in ruling on issues of federal constitutional interpretation, "state courts are no less bound [or qualified] to apply federal law than are the federal courts." *Stephens*, 684 F.Supp. at 706 (citing *United States v. State of California*, 529 F.Supp. 303 (E.D.Cal.1982)). In addition, this action involves zoning ordinances which are inherently within the domain of local governments. Federal courts should defer to the state rather than intervene in matters which are traditionally of local concern. *Stallworth*, 426 F.Supp. at 239. This factor weighs in favor of abstention.

The sixth factor identified in *Moses H. Cone* is the adequacy of the state court proceeding to protect the plaintiff's rights. 460 U.S. at 26, 103 S.Ct. at 942. Plaintiff Redner has challenged the adult use ordi-

---

6. Plaintiffs do not seek monetary damages in addition to their claims for equitable relief. Even if a § 1983 claim for money damages had been asserted, that factor alone would not have

differentiated the federal suit from the state suit. See *Allen v. Louisiana State Bd. of Dentistry*, 835 F.2d 100, 105 (5th Cir.1988).

nance in both the civil and criminal divisions of the state court. Prior to April 18, 1989, plaintiffs were not subject to being cited for violation of the City's adult use ordinance. Now they are. The fact that the state court has at this time refused to further enjoin the City from enforcing its adult use ordinance does not signify that the state court is inadequate to protect plaintiffs' rights; it simply means that plaintiffs have failed to prevail on at least some of their challenges to the City's effort to regulate the location of adult businesses. Plaintiff Redner is pursuing his appellate remedies in challenging his criminal conviction. Both plaintiffs have a forum in their civil lawsuit to raise the other constitutional challenges to the statute. Moreover, any federal question properly preserved may be reviewed by the Supreme Court after final judgment by the Florida courts. See 28 U.S.C. § 1257; see e.g. *Colorado River*, 424 U.S. at 812–13, 96 S.Ct. at 1243–44. The state court is fully adequate to protect plaintiffs' rights. This sixth factor weighs in favor of abstention.

The defendant's refusal to defer further enforcement actions against plaintiffs pending the outcome of the civil lawsuit before Judge Gallagher distinguishes this case from at least two other cases in which abstention has been upheld. See *Harrison v. NAACP*, 360 U.S. 167, 178, 79 S.Ct. 1025, 1031, 3 L.Ed.2d 1152 (1959) (*Pullman* abstention); *Fields v. Rockdale County Georgia*, 785 F.2d 1558, 1562–1563 (11th Cir.1986) (*Pullman* and *Younger* abstentions). However, consideration of whether the *status quo* can be maintained absent the federal court's exercise of jurisdiction has not been specifically identified as a separate abstention factor to be analyzed in *Colorado River/Moses H. Cone*—type abstentions. Even in the *Harrison* and *Fields* cases, it is not clear whether the agreement to stay enforcement action was a decisive factor.

The undersigned concludes that the totality of circumstances weigh in favor of *Colorado River* abstention on the basis of wise judicial administration and establish the exceptional circumstances necessary to defer to the ongoing proceedings in state court. "[P]roper respect for the ability of the state courts to resolve federal questions presented in state court litigation mandates that the federal court stay its hand." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14, 107 S.Ct. 1519, 1527, 95 L.Ed.2d 1 (1987).

### III

This court has the option of dismissing the complaint or staying all proceedings pending the outcome of the state court litigation. The *Younger* and *Burford* abstention doctrines require that the court dismiss the action to completely avoid interference with state policy. *Colorado River*, 424 U.S. at 815–17, 96 S.Ct. at 1245–46. In *Moses H. Cone*, the Court notes that *Pullman* abstention requires a stay. *Moses H. Cone*, 460 U.S. at 9, 103 S.Ct. at 933. Finally, the Court in *Moses H. Cone* left open the question of whether a stay or a dismissal is the proper course of action under *Colorado River* types of abstention. *Moses H. Cone*, 460 U.S. at 28, 103 S.Ct. at 943.

It is therefore respectfully RECOMMENDED that

(1) This court abstain from exercising jurisdiction and dismiss this action or enter a stay pending conclusion of the parallel proceedings in state court.

Dated: April 25, 1989.

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this order shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1); Local Rule 6.02(a).